IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FALIPE VASQUEZ,

                Petitioner,

v.

COMMONWEALTH OF
PENNSYLVANIA, et al.,

                Respondents.

CIVIL ACTION
NO. 14-2759

### ORDER

**AND NOW**, this 3rd day of March 2016, upon consideration of Petitioner's pro se Petition for Writ of Habeas Corpus (Doc. No. 1), United States Magistrate David R. Strawbridge's Report and Recommendation (Doc. No. 10), Petitioner's Objections to the Report and Recommendation (Doc. No. 16), and the pertinent state court record, it is **ORDERED** that:

1. The Report and Recommendation (Doc. No. 2) is **APPROVED** and **ADOPTED**.[1]

---

[1] Petitioner filed a Petitioner for Writ of Habeas Corpus on May 13, 2014, in which he challenges the life sentence without parole imposed upon him in the Philadelphia Court of Common Pleas on February 4, 2000. (Doc. No. 1.) On December 15, 2015, United States Magistrate Judge David R. Strawbridge issued a Report and Recommendation in which he recommended that the Petition be denied as untimely filed. (Doc. No. 10.) Magistrate Judge Strawbridge correctly determined that under 28 U.S.C. § 2244, Petitioner had within one year following the date on which the judgment of conviction became final to apply for habeas relief. (Id. at 6-7.) On direct appeal, Petitioner's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on December 4, 2003, and Petitioner then had ninety days to petition for certiorari in the United States Supreme Court, which he did not do. (Id. at 7.) Thus, the one-year statute of limitations began on March 3, 2004, when Petitioner's conviction became final. (Id.) Because Petitioner did not file the present Petition until May 13, 2014, his Petition was untimely filed.

Petitioner filed Objections to the Magistrate Judge's Report and Recommendation on March 2, 2016. (Doc. No. 16.) His Objections, however, read more as a request that he "be appointed bilingual and spanish-speaking counsel." (Id. at 1.) Petitioner apparently seeks appointment of counsel because he does not speak English and has mental health impairments. (Id.) However,

2. The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED**.

3. A certificate of appealability **SHALL NOT** issue, in that the Petitioner has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of this ruling. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473 (2000).

4. The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

no similar request had been made to the United States Magistrate Judge who issued the Report and Recommendation in his case.

As noted, the Court has reviewed the Petition and Report and Recommendation, and is approving and adopting the Report and Recommendation because the Petition for Writ of Habeas Corpus was untimely filed. The untimeliness of the Petition is so clear in this case that any further action by the Court, including appointment of counsel, would not change the decision of this Court.